323 So.2d 868 (1975)
STATE of Louisiana In the Interest of Rusty Wayne PRESTRIDGE and Dusty Elaine Prestridge.
No. 12753.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1975.
*869 James R. Phillips, Bossier, for defendant-appellant.
Harvey P. Delaune, Asst. Dist. Atty., Bossier City, for plaintiff-appellee.
Bernard Boddie, Bossier City, for Minor Children.
Before PRICE, MARVIN, and GLADNEY, JJ.
MARVIN, Judge.
A City Court sitting as a Juvenile Court on the petition of the State, declared one-and-a-half year-old twins to be neglected children under R.S. 14:403, and awarded custody to the State Division of Family Services. The mother appeals from this judgment. We reverse.
R.S. 14:403 contemplates that the State shall conduct an investigation into cases of child abuse or neglect and furnish a written report of the investigation to the District Attorney who is charged with implementation of and prosecution under, the statute. The statute is commendable in its purpose and legislative intent.
The petition was filed March 17, 1975, accompanied by an affidavit that statements in an "attached letter of March 13, 1975" were true and correct. The petition and the affidavit itself contained mostly conclusions. An ex parte or instanter order issued on March 17, awarding custody of the children to the State. About one month later, the State amended its petition in an attempt to supply specific but unsworn acts of neglect and the names of persons who had allegedly observed these alleged acts.
Thirty-one separate entries of alleged neglect over a period of two and one-half years were contained on the unsworn attachment to the supplemental petition. A copy of the letter of March 13, 1975, referred to in the original petition was sent to the Juvenile Judge. The testimony, and the absence of testimony, at the hearing held May 7, 1975, reveals most of the content of the March 13 letter and the unsworn attachment to the supplemental petition to have been hearsay and otherwise inadmissible, except to a relatively slight degree.
While we are certain that the Juvenile Judge did his utmost to avoid consideration of March 13 letter and the unsworn attachment, it is nonetheless error, however regrettable, for such information to have been received by the trier of fact. See cases entitled State in the Interest of: Simmons, 299 So.2d 906, (La.App. 3d Cir. 1974); and Elliott, 206 So.2d 802, (La. App. 2d Cir. 1968), and R.S. 13:1579.1, as amended by Act 714 of 1972.
Elliott, was a proceeding under the juvenile provisions of Title 13 of the Revised Statutes, wherein the custody of children was given to the State on the grounds of neglect. There, we said:
"[5,6] A mother has the paramount right to the custody of her children and she should not be deprived of this right without the most solid and substantial reasons ... * * *
"[7] A mother is entitled to the custody of her minor children unless it is shown by legal and competent evidence that she is morally, mentally, or otherwise unfit or incapable of caring for them, or that, for some other reason, it *870 would be detrimental to the children's health, safety, or welfare. A mother's love for her children cannot ordinarily be compensated, in considering their welfare, by the greater means or ability of others to provide for them." 206 So.2d 805.
Hearsay testimony, including a report of a child welfare worker of the State, was received as evidence in Elliott by the trial judge. We held this to have been error.
"We therefore conclude that the State's hearsay and opinion evidence as well as the case worker's ex-parte report are inadmissible and should have been excluded from the record." 206 So.2d 805.
After Elliott, the legislature amended R. S. 13:1579.1 by Act 714 of 1972 so as to remove all doubt as to the reception of hearsay and opinion evidence into juvenile proceedings.
In Simmons, a report of a juvenile probation officer "and otherwise inadmissible evidence" were allowed in the record by the trial court. The Third Circuit said:
"[4,5] The report, containing hearsay, opinion, and otherwise inadmissible evidence is in the record. Absent any contrary indication we must conclude that whatever is in the record was considered by the juvenile judge. Since the report contains inadmissible and prejudicial evidence, the proceeding is stricken with nullity and the commitment must be set aside.
"[6] While we are certain that the juvenile judge did his utmost to avoid consideration of the information in this report... we think it is error for such a report to be received by the trier of fact ..." 299 So.2d 908-909 Footnote omitted.

We note that the lower court in its initial order, signed when the petition was filed, ordered the written report of the State's investigation to be filed with the court. The statute requires that the report be furnished to the District Attorney. Hearsay and inadmissible opinion evidence, of course, may furnish leads to the District Attorney's Office to acquire legally admissible evidence for prosecutions under the statute, but this type investigative material should not be furnished to the trier of fact so as to taint proceedings under the statute.
Reversed at appellee's cost.