336 So.2d 1066 (1976)
William L. DILLON and Wilma Jean Dillon applying for Adoption of Rodger Dale Fontenot and Theresa Fontenot, Plaintiffs-Appellants,
v.
STATE of Louisiana, Defendant-Appellee.
No. 12976.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1976.
*1067 Baker, Culpepper & Brunson by William H. Baker, James E. Beal, Jonesboro, for plaintiffs-appellants.
Whitten & Blake by Leon Whitten, Dist. Atty., Second Judicial Dist., Jonesboro, for defendant-appellee.
Before HALL, MARVIN and JONES, JJ.
JONES, Judge.
The question in this appeal is whether parents have the burden to prove their fitness in order to reacquire the custody of children voluntarily surrendered to the State while the parents were in hardship circumstances.
*1068 The facts leading to this controversy began in 1973 when Mrs. Carol Dillon Fontenot, mother of the minors, Rodger, age two, and Theresa, age one, was pregnant with a third child. Both she and the children were ill, she was separated from her husband, and she was no longer receiving welfare payments. She could not turn to the Dillons (her parents and plaintiffs herein) for assistance because they were both in Ohio where her father was undergoing openheart surgery. While Carol had earlier declined state intervention regarding the children, and had once changed residences to avoid such intervention, her situation compelled her to approach the State for help.
Carol Fontenot was told by the State agency the only way assistance could be provided her was for her to place the children in a foster home either until the grandparents returned or until Carol Fontenot was able to care for them. Carol Fontenot and the agency's caseworker testified that Carol then agreed to a voluntary, temporary transfer of the children to the agency (State Division of Family Services). On August 8, 1973, the senior judge of the lower court signed a judgment giving custody of the children to the State.
The State then placed the children in a foster home but later transferred them to another foster home because the original foster home became unsuitable. In the meantime, Mr. Dillon recovered sufficiently to return to work and Mr. and Mrs. Fontenot became reconciled and improved their financial situation.
On August 23, 1974, the Fontenots executed an authentic act declaring their consent to the adoption of the children by the maternal grandparents, plaintiffs herein. On October 24, 1974, while the children were still in a foster home but were visiting plaintiffs, an order was signed in an adoption proceeding by a second judge of the lower court giving temporary custody of the children to plaintiffs. This temporary custody order was rescinded on November 20, 1974, by the second judge when the State informed him of the August 8, 1973 custody order signed by the senior judge in favor of the State.
On February 7, 1975, the Dillons filed a rule against the State to show cause why the Dillons should not be granted custody of the children under the adoption proceedings. The lower court rejected their demands for the children, maintaining the custody of the State. The Dillons appeal. We reverse.
The central issue in this appeal is under what circumstances the State can retain the custody of minor children against the wishes of the parents. (Under these facts we regard the plaintiffs as representing the interest of the natural parents, Carol and Steve Fontenot. See discussion infra.)
There are several methods by which the State can obtain the custody of minor children. Under LSA-R.S. 9:402, 404, the State may obtain the irrevocable custody of a minor child if the child is surrendered for the purpose of having the child adopted, and if the surrender is evidenced by an authentic act signed by both legitimate parents. See Golz v. Children's Bureau of New Orleans, Inc., 326 So.2d 865 (La.1976). Here, however, no such document is in the record and we cannot conclude that such a document exists. The evidence is unequivocal that the mother intended the surrender to be only temporary. We also have no evidence that the father of the children joined in the surrender to the State.
The State may also obtain custody of a minor child after a contradictory hearing against the parents, upon a judicial determination that the child is abandoned, neglected, abused or delinquent. LSA-R.S. 9:403, 13:1570, et seq., 14:403. In such a situation the State bears the burden of proof. As the court said in State ex rel. Paul v. Department of Public Welfare, 170 So.2d 549, 552-553 (La.App. 3d Cir. 1965):
"The burden . . . is on those resisting the parent's demand for custody to show that the latter is disqualified or unfit to have the custody, that the parent is incapable of caring for the child, or *1069 that it would be detrimental to the child's welfare to place him under the care of the parent . . . ." (Citations omitted)
The State did not introduce a judgment into the record which makes such a determination against the parents. Furthermore, we note the absence of competent evidence in this record which would support such a finding against the Fontenots or the Dillons in this case. See State in the Interest of Prestridge, 323 So.2d 868 (La.App. 2d Cir. 1976). Since there has been no judicial determination in a contradictory hearing that the interests of the children require continued State intervention, we hold that Mrs. Fontenot's voluntary relinquishment of custody to the State in 1973 does not in itself forever bar her from exercising her parental rights.
An incidental issue is whether the grandparents of the children, plaintiffs herein, are able to assert this right of the parents to the custody of the children. We are of the opinion that by virtue of the August 23, 1974, authentic act executed by the Fontenots, which relinquishes custody to the Dillons, this suit may be viewed as a request by the parents for the return of their children to the Dillons, grandparents of the children.
For the foregoing reasons, the judgment of the lower court is reversed and there is now judgment granting the temporary care, custody and control of the minors, Roger Dale and Theresa Fontenot to plaintiffs, William L. and Wilma Jean Dillon, under the pending petition for an Interlocutory Decree of Adoption, all further proceedings below to be subject to the provisions of LSA-R.S. 9:421, et seq., which allows investigations into the proposed adoptive home by the State. The State shall pay all such costs as are legally assessable against it in the instant proceedings, below and here, except the cost in the pending adoption below.
Reversed, rendered and remanded.