STOULIG, Judge,
concurring.
I concur in that part of the majority opinion which holds the filing of a petition (C.J.P. art. 45) is a prerequisite to vesting exclusive jurisdiction in the juvenile court to adjudge if a child is a delinquent, in need of supervision, or in need of care (C.J.P. art. 15). I also agree that jurisdiction vests in a juvenile court under C.J.P. art. 17(A)(2) to make an award of custody when the parent voluntarily relinquishes the custody of the child in order for it to receive care and protection.
However, under the jurisprudence expressed in Dillon v. State, 336 So.2d 1066 (La.App. 3d Cir. 1976), the voluntary surrender of custody by a parent is not irrevocable unless made in a formal surrender for adoption or if the parent is adjudged to have neglected, abused, or abandoned the child. It therefore follows that the parent is entitled to the return of the custody upon request unless it is established that the child has been formally placed for adoption or that the parent is not a proper or fit person to be entrusted with the care of thq juvenile. The burden of this proof rest! with the State.
The mandatory requirement of a petition is for the sole purpose of affording the parent and child their constitutional right of due process by timely informing them of the nature of the complaint and giving them an opportunity to be heard.
I do not subscribe to the holding of the majority that C.J.P. art. 40(6) and (7) vests continued jurisdiction in the juvenile court over custody of the child. The implication is that this article relieves the juvenile authorities of the necessity of complying with C.J.P. art. 45. On the contrary, a reading of art. 40 authorizes the court to order continued-custody of a child prior to adjudication for several causes enunciated in the article. Art. 46 specifically provides that if a child is continued in the custody of the juvenile court prior to adjudication, then “a petition shall be filed within forty-eight (48) hours of the hearing to determine continued custody” and the failure to do so will result in the release of the child. These two articles must be read in pari materia and in effect mandate filing a petition within 48 hours or release of the child.
In the instant case no petition was filed. When the mother sought the return of her child, the juvenile court no longer had jurisdiction to determine custody and the child should have been returned to her. Should the juvenile authorities feel that the welfare of the child demands either a hearing or continued control of custody in the court, it has at its disposal the simple expedient of ordering of a filing of a petition under C.J.P. art. 45 for any of the causes enumerated in C.J.P. art. 15.