MARVIN, Judge.
In July 1977 the parents voluntarily surrendered to the defendant state agency the custody of their 10-year-old son for the purpose of enabling the child to receive adequate care and protection under what is known as the foster care program. See LRS 9:422.3 — 422.12, LSA-CJP Art. 17. The judgment or order of the Juvenile Court (Wards One and Two, City Court of Bossier City) stated that the child is “ . . . to be kept within the jurisdiction of this court pending further orders.”
In 1979 the state agency removed the child from foster care under plaintiffs, Mr. *911 and Mrs. Roberts, to another foster care home. The Robertses obtained a voluntary act of surrender from the natural parents (May) and sued in the 26th Judicial District Court of Bossier Parish for custody and to effect rescission of the July 1977 order placing custody in the agency. Mr. and Mrs.May joined Mr. and Mrs. Roberts as plaintiffs in that suit. The district court declined to quash or to limit a subpoena duces tecum directed to the agency to produce the agency’s ease record of the minor. LRS 46:56.
On the State’s application for writs, we noticed the lack of subject matter jurisdiction and ordered the proceedings transferred to the City Court of Bossier City, sitting as a Juvenile Court. State v. Nugent, 212 La. 382, 31 So.2d 834 (1947); State ex rel. Paul v. Dept. of Welfare, 166 So.2d 7 (La. App. 3d Cir. 1964).
After the transfer, plaintiffs again moved to enforce the subpoena. After the Juvenile Court examined the sealed case records of the agency, that court ruled that the attorneys could inspect and review the case record. The agency applied for, and we granted, writs of review on this issue of confidentiality. LRS 46:56. Plaintiffs then applied for and we granted writs of review on plaintiffs’ contention that the Juvenile Court erred in not granting them judgment on the pleadings on the authority of Dillon v. State, 336 So.2d 1066 (La. App. 2d Cir. 1976).
When the State seeks to declare a child delinquent, in need of supervision, or in need of care, in adversary proceedings against either the natural parents or someone to whom the natural parents have surrendered custody, the issue of confidentiality of the ease record of the minor might then properly arise.
The State, however, has not separately filed, or converted these proceedings into, an adversary proceeding to have the child either adjudicated delinquent, in need of supervision, or in need of care in accordance with the Code of Juvenile Procedure or LRS 14:403. In Dillon we said:
“The State did not introduce a judgment into the record which makes such a determination against the parents. Furthermore, we note the absence of competent evidence in this record which would support such a finding against the Fontenots or the Dillons in this case. See State in the Interest of Prestridge, 323 So.2d 868 (La. App. 2d Cir. 1976). Since there has been no judicial determination in a contradictory hearing that the interests of the children require continued State intervention, we hold that Mrs. Fontenot’s voluntary relinquishment of custody to the State in 1973 does not in itself forever bar her from exercising her parental rights.
“An incidental issue is whether the grandparents of the children, plaintiffs herein, are able to assert this right of the parents to the custody of the children. We are of the opinion that by virtue of the August 23, 1974, authentic act executed by the Fontenots, which relinquishes custody to the Dillons, this suit may be viewed as a request by the parents for the return of their children to the Dillons, grandparents of the children.” 336 So.2d at 1069. Our emphasis.
That holding is decisive of this case. All orders and judgments of the lower court are negated, and
IT IS THEREFORE ORDERED that custody of Glenn Francis May be restored to his natural parents, Allen Doyle May and Alene Dale May.
IT IS FURTHER ORDERED that the agency’s case record and all other material produced in response to the subpoena duces tecum remain confidential and be forthwith returned by the lower court to the State agency.
All costs here and below are assessed to the State.