SWIFT, Judge.
On July 13, 1978, Claudette Marie Langley gave birth to a child, Emmie Lee Willis. On May 15, 1979, Emmié Lee was found to be a neglected child within the meaning of La.R.S. 14:403 and the judge ordered that her temporary custody be assigned to the Foster Care Services of the Louisiana Department of Health and Human Resources (DHHR).
Ms. Langley executed an authentic act entitled “Voluntary Surrender of Custody of Child for Private Adoption” on July 7, 1980, in which she declared that she was 21 years of age, was the mother of Emmie Lee Willis and was not then married and had not been married within 300 days of the child’s birth. Ms. Langley further voluntarily and irrevocably surrendered the permanent custody of her child for the purpose of private placement and adoption to Collin *799 Bailey and Bertha Ladner Bailey, the petitioners-appellants herein.
The Baileys subsequently filed in the juvenile court a petition for a writ of habeas corpus and for an interlocutory decree of adoption of Emmie Lee Willis. Attached thereto were information and documents pertinent to the proposed adoption, including the mother’s surrender act of July 7, 1980. The prayer was for production of the child, surrender of her custody to the petitioners so that she could be adopted and an interlocutory decree of adoption.
The DHHR answered asserting that the act of surrender executed by Ms. Langley was ineffective as her custodial rights had been terminated by the judgment of May 15,1979, declaring the child to be neglected. Alternatively, the DHHR alleged that such act was obtained by coercion and deception and also that the adoptive parents’ home would not be a suitable one for Emmie Lee.
After a hearing the trial judge concluded Ms. Langley’s act of July 7, 1980, was ineffective insofar as it attempted to modify the juvenile court’s previous judgment granting custody of Emmie Lee to the DHHR on the basis of its finding that Em-mie Lee was neglected. The writ of habeas corpus was vacated and the custody of Em-mie Lee Willis was maintained with the DHHR subject to further orders of the court. From this judgment the Baileys have appealed.
Ms. Langley apparently attempted to utilize the procedure outlined by La.R.S. 9:422.3, which at the time she signed the act provided that a parent could execute an authentic act of voluntary surrender of custody of the child for private adoption. This statute was amended by Acts 1980, No. 187, § 1, to add the following sentences:
“The provisions of this Subpart shall be inapplicable where custody of the child has been removed by court order and placed with the Department of Health and Human Resources and the parent or parents shall have no capacity to execute an authentic act of voluntary surrender of custody as provided for in this Sub-part. Nothing in this Subpart, however, shall alter the provisions for or the effects of a voluntary surrender to an agency.”
Since the effective date of this amendment was September 7, 1980, subsequent to the date on which Ms. Langley executed the act of surrender in favor of the Baileys, we must determine whether it changed the pri- or law or merely clarified it.
At the first hearing the juvenile court, of course, had exclusive original jurisdiction to determine whether or not Em-mie Lee Willis was a neglected child. La. R.S. 13:1570(A)(1); La.C.J.P. Art. 15; State in Interest of Purcell, 337 So.2d 637 (La.App. 3 Cir. 1976). Having determined that she was a neglected child after a contradictory hearing, the judge had the authority to divest the mother of custody and award custody to the DHHR. La.C.J.P. Art. 85; La.R.S. 13:1580.
The appellants argue that despite Emmie Lee having been placed in the custody of the DHHR by order of the juvenile court, the mother still possessed the parental right to consent to the private adoption of the child and her act of surrender was valid. They cite Dillon v. State, 336 So.2d 1066 (La.App. 2 Cir. 1976), as their authority, contending that its decisive facts are similar to the case at bar. We disagree.
In Dillon the mother, while separated from her husband and without financial support, consented to a voluntary, temporary transfer of custody of her children to the State Division of Family Services and a judgment to that effect was signed. She and her husband subsequently reconciled and executed an authentic act declaring their consent to the adoption of the children by their maternal grandparents, the Dillons. A second judge, in an adoption proceeding brought by the Dillons, signed an order giving them temporary custody of the children. However, upon being informed of the first judgment which granted custody to the state, the second judge rescinded his order and maintained the state’s custody. On appeal it was held that the mother’s voluntary relinquishment of custody of the *800 children to the state did not in itself bar her from exercising her parental rights which she had granted to the plaintiffs. Since both parents had consented to the return of the children to the Dillons for the purpose of adoption, it was so ordered. The court noted there had been no judicial determination after a contradictory hearing with the parents that the children were neglected, abused or delinquent and thus required continued state intervention.
As we read Dillon, the voluntary temporary relinquishment to the state of custody of children without the aforementioned judicial determination is revocable by the parents. However, such is not the case where the state has obtained custody after a contradictory hearing and there has been a judicial determination that the child is neglected or in need of care or there are other legal causes for state intervention. Of course, as this court stated in State, ex rel. Mildred Paul v. Department of Public Welfare, 170 So.2d 549 (La.App. 3 Cir. 1965):
“A judgment involving custody, however, is always revocable where conditions warrant its modification. If there should be a substantial improvement in plaintiff’s ability to care for the child and in the home environment, then it may be that in subsequent proper proceedings a modification of the judgment will be justified.”
Therefore, we hold that Claudette Marie Langley’s formal act of voluntary surrender of custody of Emmie Lee Willis for adoption by the plaintiffs is ineffective as the child’s custody was previously granted to the DHHR after a judicial determination that she was neglected, even though that act was executed prior to the 1980 amendment to La.R.S. 9:422.3 which now explicitly disallows such action. The amendment has not changed the law in this respect.
For the foregoing reasons, the judgment of the juvenile court rejecting the plaintiffs’ demand for custody of the child, Em-mie Lee Willis, is affirmed at appellants’ costs.
AFFIRMED.