CUTRER, Judge.
This custody matter is appealed to this court for the second time. The two appeals arose from the alleged conflict of jurisdiction between the City Court of the City of Eunice, sitting as the Juvenile Court (City Court), and the Twenty-Seventh Judicial District Court, St. Landry Parish, Louisiana.
*1262 On the original appeal this court reversed and remanded the matter “for the taking of further evidence in order to clarify the juvenile court’s position.”[1]
Upon remand, the district court took further evidence and found that the procedural requirements had been met by the City Court and that such court had exclusive jurisdiction of the proceedings. The district court again sustained an exception to its jurisdiction. The husband’s rule for custody of his four children was dismissed and he appeals for the second time.
Due to the procedural complexity of this case, we shall reiterate the facts which reflect the background for this appeal.
On May 12, 1977, the district court, in an uncontested proceeding, rendered a judgment of divorce in favor of Michael J. Me-dus against his wife, Mathilda. Michael agreed that the custody of the four children born of the marriage should go to the mother. The judgment included such custody order.
On May 19, 1977, Michael Medus, represented by counsel, pleaded guilty in the City Court of Eunice to the charge of non-support. He was sentenced to four months in jail. The sentence was suspended on the condition that Medus pay child support for his four children.
On May 24, 1978, a hearing was had in the City Court, sitting as a juvenile court, wherein the court awarded custody of the children to the father, Michael. The briefs of both parties refer to this first hearing as a voluntary relinquishment of the custody of the children to the juvenile court under the provisions of LSA-R.S. 13:1570(C). (This statute will be discussed later in this opinion.) The order of the juvenile court states as follows:
“IT IS ORDERED AND DECREED that the juveniles, Christopher Shane Me-dus, Douglas Anthony Medus, Corina Lynn Medus, and Leta Marie Medus be and the same is hereby placed in the custody of MICHAEL JAMES MEDUS whose address is 100 Prairie Street, Eunice, Louisiana 70535 to be kept within the jurisdiction of this Court pending further orders.” (Emphasis added.)
On March 26, 1979, a hearing was had in the same court entitled “State of Louisiana, in the Interest of Christopher Shane Medus, Douglas Anthony Medus, Corina Lynn Me-dus, and Leta Marie Medus.” The minutes of the court proceedings reflect as follow:
“This hearing was regularly set for this date. Present: Helen Castellini, Welfare Social Worker, Department of Health and Human Development; the mother, Math-ilda Thibodeaux Medus; the father, Michael Medus, who was represented by his attorney, Donald Mayeaux, who was also present.
“Considering the testimony of Mrs. Helen 0. Castellini which is summarized in her written report as well as the testimony of the mother. The Court feels that it is in the best interest of the children that the children be returned to the custody of their natural mother, Mathilda Thibodeaux Medus, but to remain in the home of maternal grandmother, Grace Thibodeaux, 650 Tate Street, Eunice, Louisiana, where the mother now resides, therefore.
“IT IS HEREBY ORDERED that the children, Shane Medus, Douglas Medus, Corina Medus, and Leta Medus, be returned to the custody of their natural mother, Mathilda Thibodeaux Medus, 650 Tate Street, Eunice, Louisiana.
“IT IS FURTHER ORDERED that the mother attend a parenting class at the Crowley Mental Health Center and prohibits the children from being in the company of Carroll Arabie until at least a psychological report can be obtained from the Crowley Mental Health Center on Carroll Arabie.
“IT IS FURTHER ORDERED that the situation be monitored by the Office of Human Development in order to see that the placement occurs with fewest possible problems.”
A custody order was issued by the City Court stating:
*1263 ‘ “IT IS ORDERED AND DECREED that the juvenile [sic] Christoper Shane Medus, Douglas Anthony Medus, Corina Lynn Medus, and Leta Marie Medus be and the same is hereby placed in the custody of Mathilda Thibodeaux Medus whose address is 650 Tate Street, Eunice, Louisiana to be kept within the jurisdiction of this Court pending further orders.’’ (Emphasis added.)
No appeal was taken from this order.
Ten days later, on April 5, 1979, Michael filed a rule for the mother to show cause why he should not be granted custody of the children. This rule, filed in the Twenty-Seventh Judicial District Court for St. Landry Parish, was successfully met by an exception of jurisdiction from which judgment Michael filed the first appeal herein. Upon remand the district court ruled that the City Court had exclusive jurisdiction under the provisions of the Louisiana Code of Juvenile Procedure (C.J.P.) Article 17(A)(2).
The issue on this appeal is whether the trial court erred in granting the exception of jurisdiction.
The first hearing in the City Court, on May 24, 1978, awarding custody to the father, was held under the provisions of LSA-R.S. 13:1570(C) as the C.J.P. did not become effective until January 1, 1979. This statute provides as follows:
“Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
* * * * * *
C. To award the custody of a child domiciled within the parish or who is actually in the parish to an agency, institution or individual when the parent or other person having custody or care of the child wishes to relinquish custody or care for the purpose of enabling the child to receive adequate care and protection.” (Emphasis added.)
The second hearing on March 26, 1979, was held under the provisions of the Code of Juvenile Procedure Article 17(A)(2).[2] This article is a substantial restatement of LSA-R.S. 13:1570(C). These two provisions, insofar as the issue before us is concerned, will be treated as being the same.
The first hearing of the City Court, being a voluntary relinquishment proceeding, was authorized by LSA-R.S. 13:1570(C) [now C.J.P. 17(A)(2) ]. These provisions authorized a juvenile court (City Court in this case) to award custody of the children to an individual (the father) when the mother, who had custody, voluntarily surrendered or relinquished such custody to the City Court to enable the children to receive adequate care and protection. When the mother invoked the juvenile jurisdiction of the City Court, such court clearly had exclusive original jurisdiction to conduct the surrender hearing and make a determination of the temporary placement of the children under the authority of LSA-R.S. 13:1570(C) [now C.J.P. art. 17(A)(2) ]. This brings us to the question of whether the City Court retained such exclusive jurisdiction to terminate the temporary custody and return of the children to the mother.
The original exclusive jurisdiction conferred by C.J.P. art. 17(A)(2) does not terminate with the temporary placement of the children in the voluntary surrender proceedings. Once such jurisdiction attached to the City Court, it continued to exist including a proceeding by the surrendering parent to obtain the return of the children.
A parent who voluntarily surrenders children which are in his or her custody consents to the court’s temporary placement of the children. Such consent, however, is revocable and, upon becoming able to again *1264 provide adequate care and protection to the children, the surrendering parent has a parental right to return to the same juvenile court which placed the children, and request their return to his or her custody. The surrendering parent does not lose the parental right of return unless the children, after a contradictory hearing, have been adjudicated abandoned, neglected, abused or delinquent. There is no contention that such adjudication existed in this case. For a discussion of this subject, see the cases of: Bailey v. Dept. of Health & Human Resources, 399 So.2d 798 (La.App. 3rd Cir. 1981); In Interest of May, 385 So.2d 910 (La.App. 2nd Cir. 1980); and Dillon v. State, 336 So.2d 1066 (La.App. 2nd Cir. 1976). We conclude that both of the proceedings conducted by the City Court were authorized by LSA-R.S. 13 ¡1570(C) and C.J.P. art. 17(A)(2). The jurisdiction of the City Court to make such determinations was exclusive under these provisions.
Michael Medus contends that paragraph (B) of C.J.P. art. 17 maintains the continuing jurisdiction of the district court, thus the district court has jurisdiction to decide the custody rule filed by him. Paragraph (B) of art. 17 reads as follows:
“B. Except to the extent that a court exercising juvenile jurisdiction has determined custody of a child in a judgment of disposition after the child has been adjudicated delinquent, in need of supervision, or in need of care, nothing contained in Articles 14 through 17 shall deprive courts exercising civil jurisdiction of the right to determine custody of a child under writs of habeas corpus or other proceedings, or to determine the custody of a child when such custody is incidental to the determination of cases pending in such courts.”
Medus argues that under art. 17(B) the mother must show that the children were adjudicated to be delinquent, in need of supervision, or in need of care. Such adjudication can only be initiated by a petition, C.J.P. art. 45,[3] as such proceeding is only authorized by C.J.P. art. 15.[4] In our opinion rendered in the first appeal we adopted such a view and remanded for further evidence to ascertain whether such adjudication by petition had been initiated in the City Court. We felt that if such an adjudication had not been made by the City Court, then it would not have had exclusive jurisdiction. Upon this appeal, however, we find that the proceeding was one of a revocation of voluntary relinquishment of custody by the mother and not an adjudication by the City Court finding the children to be delinquent, in need of supervision, or in need of care. The proceedings of the City Court were held pursuant to art. 17(A)(2) and they do not require a petition as set forth in art. 45.
In order to clarify any confusion that may have been created by our opinion in the first appeal, Medus v. Medus, supra, and to give effect to art. 17(A)(2), we interpret these provisions as follows: where a parent wishes to voluntarily relinquish custody of a child, the juvenile court (City Court), has exclusive original jurisdiction, which jurisdiction cannot be divested by any subsequent district court proceedings. LSA-C.J.P. art. 17(A)(2). Such exclusive jurisdiction extends, not only to the surrender proceedings, but includes any revocation or return proceedings filed by the surrendering parent in such court. Under paragraph (B) the exclusive jurisdiction of such juvenile court (City Court) is “limited” in only two instances. The district court may hear proceedings where custody is being determined by a writ of habeas corpus. *1265 Also, the district court may determine custody which is incidental to the determination of cases pending in courts with civil jurisdiction. In these two instances, only, can the jurisdiction of the juvenile court (City Court) be divested. However, the district court cannot divest the juvenile court of jurisdiction even in these two instances if there has been a prior adjudication by the juvenile court finding the child to be delinquent, in need of supervision, or in need of care. To interpret paragraph (B) otherwise would negate the effect of art. 17(A)(2) and the intent of the Code of Juvenile Procedure.
We hold that the City Court had exclusive jurisdiction to hear the juvenile proceedings filed herein. This finding by the district court was correct and its sustaining of the exception of the lack of jurisdiction will be affirmed.
For the reasons assigned, the judgment of the district court is affirmed. Michael Medus shall pay all costs of this appeal.
AFFIRMED.

. Medus v. Medus, 379 So.2d 21 (La.App. 3rd Cir. 1979), writ den., 381 So.2d 1235 (La.1980).

. LSA C.J.P. 17(A)(2) provides, in part, as follows:
“A. A court exercising juvenile jurisdiction shall have exclusive original jurisdiction, in conformity with any special rules prescribed by law, in the following cases:

(2) Proceedings to award custody of a child domiciled within the parish or who is actually in the parish to an agency, institution or individual, when the parent wishes to relinquish custody or care for the purpose of enabling the child to receive care and protection.”

. LSA-C.J.P. art. 45 provides:
“A proceeding under Article 15 shall be commenced by petition.”

. LSA-C.J.P. art. 15 provides, in part:
“Except as otherwise provided herein, a court exercising juvenile jurisdiction shall have exclusive original jurisdiction over the following proceeding:
A. A proceeding in which a child is alleged to be a delinquent child; ...
* * # * * #
B. A proceeding in which a child is alleged to be in need of supervision;
C. A proceeding in which a child is alleged to be in need of care.”