GARRISON, Judge.
This case involves a child, hereinafter referred to as E.E., who was born to Asian parents on September 1, 1971 and adopted at an early age by the appellants in this case. On September 18, 1987, E.E. was adjudged to be child in need of care and placed in the custody of the state. This action was taken after E.E. made allegations while hospitalized for psychiatric problems that she had been sexually abused by her father when she was much younger.
On August 4, 1987, the parents of E.E. executed separate acts of surrender in accordance with LSA-R.S. 9:402. A hearing was then conducted in Juvenile Court pursuant to LSA-R.S. 13:1606 which requires that a hearing take place after the parental rights of a child have been terminated by an act of surrender or by litigation and that the court maintain regular review of the case until the child has been permanently placed in another family home. After a hearing, the trial judge set aside the acts of voluntary surrender executed by E.E.’s parents after custody was transferred to the State. According to the trial judge, the acts of surrender were invalid because E.E. was within the jurisdiction of the Juvenile Court and the transfer of custody to the state was not in E.E.’s best interest.
E.E.’s parents now appeal the trial judge’s setting aside of the acts of surrender arguing that acts of surrender validly executed in accordance with LSA-R.S. 9:402 cannot be subject to invalidation by a judge. Specifically, appellants argue that a juvenile judge must act within the parameters of applicable statutes, i.e. LSA-R.S. 9:402, 9:422.3, in fulfilling his responsibility to act in the best interests of the child.
The applicable statutes in this case provide as follows:
LSA-R.S. 9:402:
Any parent of a child, whether the child was born in wedlock or out of wedlock and whether the parent is over or under twenty-one years of age, may surrender the permanent custody of his child to an agency for the purpose of having the child adopted by appearing before a notary and two witnesses and declaring that all of his rights, authority, and obligations, except those pertaining to property, are transferred to the agency. This authentic act shall be signed by the agency and shall constitute a trans *230 fer of custody to the agency after which the agency shall act in lieu of the parent in subsequent adoption proceedings. No surrender of the custody of a child shall be valid unless it is executed according to the provisions of this Part.
LSA-R.S. 9:422.3:
A. The parent or parents of a child may execute an authentic act for the purpose of voluntarily surrendering the custody of the child for private adoption. If the birth mother is dead and the child’s father had not acknowledged paternity of the child as provided in this Subpart or the child’s father is unknown, the child’s tutor may execute the act of surrender for private adoption. The act of surrender shall be presumptive evidence of legal and voluntary surrender only if it contains every element required by R.S. 9:422.6, and is in all other respects executed in accordance with the provisions of this Subpart. The provisions of this Subpart shall not apply if the natural parent or parents have been deprived of custody by court order and the child has been placed with the Department of Health and Human Resources; however, the natural parent or parents may, with approval of the court having jurisdiction of adoption matters, execute an authentic act of voluntary surrender of a child whose custody has been granted to the Department of Health and Human Resources and who has been placed by that department in its foster care program. Nothing in this Subpart, however, shall alter the provisions for or the effects of a voluntary surrender to a licensed adoption agency.
B. An authentic act, as defined in Civil Code Art. 1833, as well as a notarial act, which does not recite every element required by R.S. 9:422.6, shall be a sufficient basis for the court having jurisdiction over adoption matters in the parish of domicile of the adoptive person or couple to hold a hearing to determine whether it is in the best interest of the child to return it to the surrendering parents, or either of them, or to proceed with the parents, or his or her legal representative, if a surrendering parent does not have full contractual capacity by reason of minority or other legal disability, or the child’s tutor, if applicable, attempts to withdraw consent for the adoption.
In his reasons for judgment, the trial judge stated as follows:
“Although there is clear authority, both legislative and judicial, to the effect that surrender orders cannot be challenged by parents who freely enter into such contracts, there is absolutely no authority even remotely suggesting that a properly constituted court could not or should not set aside an Act of Surrender if the welfare of the child or the best interests of the state required such action by the Court.
“In this case, such action is required.
“Further, RS 9:402 (the statute relied upon by the parents and by DHHR) states that a parent ‘may surrender the permanent custody of his child to an agency for the purpose of having the child adopted...’
“EE is an emotionally upset sixteen year old adopted child of Asian birth. Her chances of being adopted are negligible at best. And it is clear on the record that the motivation of her parents were their interests in distancing themselves from this emotionally upset child who had made some very embarrassing allegations. The Court finds that her parents primary concern was their own best interests, certainly neither the welfare of EE nor the best interests of the State.
“Although the record reflects resistance to re-unification by EE and her parents, appropriate therapy, encouragement, joint-counseling and the passage of time could heal old wounds and lead to the re-establishment of a harmonious relationship between EE and her parents. Such a result would clearly be in the best interest of both EE and the State. This Court would be powerless to order such therapy and counseling if the acts of surrender could not be set aside.”
The appellants argue that judicial approval is only required for acts of surren *231 der to a private person and not for acts of surrender to an agency. According to appellants, the juvenile court’s nullification of the acts of surrender is tantamount to adding the requirement of judicial approval to LSA-R.S. 9:402, relative to acts of surrender to agencies. Appellants claim that the judge’s argument that his duty to pursue the best interests of the child transcends the duty to strictly follow the applicable statute cannot be supported.
We conclude that the appellants are correct in their assertion that LSA-R.S. 9:402 does not require judicial approval for an act of surrender to an agency. Therefore, we find that the juvenile court judge was without the authority to invalidate these properly executed acts of surrender to a state agency by E.E.’s parents.
Appellee attempts to analogize LSA-R.S. 9:402 to LSA-R.S. 9:422.3, dealing with acts of surrender to agencies and private persons respectively; however, R.S. 9:422.3 clearly states that that article dealing with acts of surrender to private persons does not alter the provisions for or effects of a voluntary surrender to an agency. Whether or not the law should be changed to include the requirement of judicial approval for acts of surrender to an agency is a matter for the legislature and not for the courts.
Appellee also argues that because a court order removed E.E. from her parents’ custody to the custody of the Louisiana Department of Health and Human Resources (DHHR), the parents were precluded from surrendering custody of E.E. according to Bailey v. Department of Health and Human Resources, 399 So.2d 798 (La.App. 3rd Cir.1981).
In Bailey, a mother executed an act of surrender of custody of her child for private adoption pursuant to LSA-R.S. 9:422.3 after the child was found to have been neglected and temporary custody had been assigned to the DHHR by court order. The court in Bailey held that the act of surrender for private adoption was ineffective as to the child’s custody because custody had been removed from the mother and temporarily transferred to the DHHR by court order.
In this case, the appellants executed acts of surrender to a public agency, the DHHR, which already had temporary custody of the child. This is a completely different situation than the situation in Bailey. LSA-R.S. 9:422.3, dealing with acts of surrender for private adoption, prohibits parents from surrendering a child which has been placed in State custody pursuant to court order. However, no such prohibition is contained in LSA-R.S. 9:402. Furthermore, as stated above, LSA-R.S. 9:422.3 clearly states that its provisions should not be construed so to alter the provisions of LSA-R.S. 9:402. Therefore, this argument is without merit.
Thus, because the juvenile court judge did not have the authority to invalidate the acts of surrender to an agency by E.E.’s parents, we reverse the trial court judgment and order that the acts of voluntary surrender executed by E.E.’s parents be reinstated.
REVERSED.
LOBRANO, J., concurs.