MARVIN, Judge.
The plaintiff mother appeals a judgment rejecting her demands to obtain custody of her five-year-old son who was adjudicated a ward of the juvenile court about 20 months before “for the purpose of enabling the child to receive adequate care and protection ...” under CJP 17 A(2) when neither parent of the child was able to provide for him.
In Burt v. McKee, 384 So.2d 489 (La.App.2d Cir.1980), we recognized the principle that in custody contests between a parent and a non-parent, the parent must prevail unless the record affirmatively shows that parent’s unfitness or forfeiture of parental rights. Here, unlike In the Interest of May, 385 So.2d 910 (La.App.2d Cir.1980), this child was adjudicated in need of care in an adversary proceeding against the parents by the State.
Once a child has been adjudicated in need of care the custody of that child may be restored to the parents when the conditions and circumstances justify the change of custody. Art. 93 CJP. The burden of proving that a child is in need of care is on the State. CJP 73. The burden of proving justification for modification of a custody disposition of a child earlier found in need of care (CJP 93) is on the party who seeks to modify the disposition of custody. See Abreo v. Abreo, 281 So.2d 695 (La.1973); Languirand v. Languirand, 350 So.2d 973 (La.App.2d Cir.1977).
This record shows that this mother has not met her burden, but has fabricated her “changed" circumstances in her effort to justify modification of custody. She admitted that she lied about her stability and her employment “so it would look good in the courts ... so I would have a job and show that I was responsible enough to have my child back.” At best, she has shown only that she has made application for employment and that she has signed a lease on an apartment which she cannot afford to furnish or maintain. She has not demonstrated (or made a “track record”, as the lower court stated) that she has changed her life style sufficient in time or degree, to justify modification of the custody disposition. See Deville v. LaGrange, 388 So.2d 696 (La.1980); Wood v. Beard, 290 So.2d 675 (La.1974).
This mother, by seeking to regain custody of her child, has indicated her good intention to establish herself as a fit and responsible parent. Should she later seek to modify the juvenile court’s custody disposition, she' should comply with the provisions of Art. 92 CJP and cause service, of her motion to modify upon the necessary or indispensable parties mentioned therein, “. . . the child, his parent (here the father), the probation officer, the district attorney, and any person, institution, or agency to whom the custody of the child has been assigned.” See also CJP 51.
For reasons assigned by the juvenile court and summarized and supported here, and at the cost of appellant, judgment is AFFIRMED.