722 So.2d 125 (1998)
In the Interest of Colby FOWLER
v.
Robert FOWLER, Appellee.
No. 98-953.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1998.
*126 Michael Hathorn Davis, Esq., Alexandria, for Robert Fowler.
*127 Ralph W. Kennedy, Esq., Alexandria, for Tonya and Eugene Knapp.
Susan Ford Fiser, Alexandria, for Colby Fowler.
Sheryl Lynn Laing, Alexandria, Martha Kendricks, Lillian Zorzynski, for State.
Before THIBODEAUX, DECUIR and GREMILLION, Judges.
THIBODEAUX, Judge.
This suit concerns the custody of Colby Fowler, the minor child of Robert Fowler and Lorraine Giddings. Prior to trial, Colby had been adjudicated a "child in need of care" and was placed by the State in the care of his maternal aunt, Tonya Knapp and her husband, Eugene Knapp. A trial placement of Colby with Robert ended within a year, and Colby was again placed in the care of the Knapps. The trial court denied Robert's demand for permanent custody and instead ordered full and permanent custody of Colby to the Knapps, with visitation of one week each month to Robert. Robert has instituted this appeal, alleging that the trial court erred in allocating the burden of proof and in reopening the testimony to receive additional evidence. Based on the following reasons, the judgment of the trial court is amended to place Colby in permanent foster care with the Knapps pursuant to La.Ch.Code art. 702(C). In all other respects, the judgment of the trial court is affirmed.

I.

ISSUES
We shall resolve:
1. whether the trial court erred in allocating the burden of proof; and
2. whether the trial court erred in granting the Knapps' motion to reopen the testimony.

II.

FACTS
Colby Fowler was born a "crack baby" on August 26, 1994. Shortly after Colby's birth, an investigation by the Child Protection Investigative Unit revealed that both of Colby's parents, Robert Fowler and Lorraine Giddings, used crack cocaine and marijuana. At the time of the investigation, Colby was residing with his maternal aunt, Tonya Knapp, and her husband, Eugene Knapp. In October of 1994, an instanter order was issued by the juvenile court placing Colby in the custody of the State of Louisiana, Department of Social Services, Office of Community Services. In December of 1994, Colby was adjudicated a "child in need of care." He was maintained in the custody of the State and placed in the care of the Knapps.
A dispositional review hearing held in October of 1995 resulted in trial placement of Colby with his father, Robert Fowler. On January 16, 1996, Robert was charged with a DWI which he failed to report to his case manager. The charge was later reduced to a lesser offense to which Robert pled guilty. The following month, a random drug screen of Robert was classified as a "cold screen." In August of 1996, Colby was returned to the home of the Knapps. Another review hearing was held in December of 1996. At this hearing, Robert sought custody of Colby, and the State recommended that the Knapps be awarded permanent custody.
The State asserted that its recommendation was based upon its supervision of the case, the home studies of the parties, Robert's failure to respond to counseling, and Robert's apparent indifference to the State's efforts to reunify the family. Patrick Voinche, the case manager, testified as to his observations of the Knapps' home. He said it was: "Quiet. Structured. Very attentive... [Colby] was attended to. He was fed, clothed, you know played with." Voinche stated that Colby did not encounter any problems during the fourteen months he was placed in the Knapps' home. Voinche also testified as to his observations of Robert. He said that Robert expressed to him "that he did not have a drug or alcohol abuse problem and that he was tired of being jerked around and asked to do so many things." Voinche stated that although Robert has completed a drug education program, he has refused to complete a drug treatment program as recommended by his counselor.
*128 John Dyer, a social worker trained in chemical dependency, stated that Robert's use of chemical substances began in his adolescence. Dyer examined Robert on five occasions, and stated in his final report that Robert's prognosis is poor. Dyer stated his belief that Robert cannot stop the use of chemical substances alone, but Robert has refused to complete treatment with APRADA, a drug treatment program.
After the close of evidence, the Knapps filed a motion to reopen testimony. The trial judge granted the motion, and testimony was presented concerning a recent altercation at a casino between Robert and his new wife, Theresa. Robert admitted that he and his wife had been drinking and that an altercation between them caused their arrests for disturbing the peace. Moreover, Robert acknowledged that he had visitation of Colby at the time, but stated that he left Colby with his grandmother. Moreover, in his earlier testimony, Robert admitted that he had struck Lorraine Giddings, Colby's mother, on certain occasions in the past.
The trial judge denied Robert's request for permanent custody and awarded full and permanent custody to the Knapps. Robert was awarded one week of visitation per month. Robert appeals this judgment.

III.

LAW AND DISCUSSION

Standard of Review
The trial court's determination in child custody matters is entitled to "a great deal of discretion" because the trial judge has a "superior opportunity to observe the persons claiming custody and the witnesses who testified at the trial." State in the Interest of Two Minor Children, 499 So.2d 697, 700 (La.App. 3 Cir.1986) (citations omitted). "The trial judge is in a better position to evaluate the best interest of a child ... and his decision will not be disturbed on review absent a clear showing of abuse." State in the Interest of Sylvester, 525 So.2d 604, 608 (La.App. 3 Cir.1988) (citations omitted).

Burden of Proof
Title VI, Chapter 16 of the Louisiana Children's Code governs cases where a child has been removed from his parents' custody following an adjudication as a child in need of care. The pertinent articles provide in relevant part:
La.Ch.Code art. 701: If at any point in child in need of care proceedings, the child is removed from his parents' care and control and placed in the custody of the department, the provisions of this Chapter shall govern the subsequent review process until such time as the child achieves a permanent placement as defined in Article 603(15). (emphasis added).
La.Ch.Code art. 702(A): The court shall conduct a dispositional review hearing within nine months after the disposition hearing if the child was removed prior to disposition or within twelve months if the child was removed at disposition, but in no case more than twelve months after the removal. Dispositional reviews shall continue to be held at least once every twelve months thereafter until the child is permanently placed or earlier upon motion of a party for good cause shown or on the court's own motion, (emphasis added).
(C) In the discretion of the court, dispositional review hearings need not be conducted for a child who the court has determined should remain permanently in foster care with a specific foster family or for a child who has been placed in an adoptive home.
Permanent placement is defined in the Children's Code as (1) return of the legal custody of the child to his parent(s); (2) placement of the child under a guardianship of the person; or (3) placement of the child with adoptive parents pursuant to a final decree of adoption. La.Ch.Code art. 603(15).
In this case, prior to trial, Colby was in the custody of the State and placed in the care of the Knapps. Robert Fowler sought custody of Colby. The State recommended permanent placement of Colby in the full custody of the Knapps. However, the State's proposal does not conform to the definition of "permanent placement" as defined in La.Ch. Code art. 603(15). Accordingly, the proper *129 focus of the case is not the permanent placement of Colby, but whether the disposition previously rendered by the trial court placing Colby in the care of the Knapps should be modified.
La.Ch.Code art. 716 provides: "A judgment of disposition may be modified if the court finds that the conditions and circumstances justify the modification." "The burden of proving justification for modification of a custody disposition of a child earlier found in need of care is on the party who seeks to modify the disposition of custody." State in the Interest of S.G., 95-2063 p. 5 (La.App. 1 Cir. 3/25/96); 676 So.2d 109, 111, citing State in the Interest of Tooraen, 397 So.2d 69 (La.App. 2 Cir.1981). Moreover, the burden placed upon a parent who seeks to regain custody after custody has been given to a non-parent is as follows:
[A]t a subsequent hearing to change custody brought by the natural parent previously deemed unfit, the burden of proof should rest on that natural parent to demonstrate that he or she had rehabilitated and that facts which gave rise to him or her being deprived of custody at the initial hearing no longer exist.
Gordy v. Langner, 502 So.2d 583, 587 (La. App. 3 Cir.1987), writ denied, 503 So.2d 494 (La.1987).
In this case, the trial judge denied Robert's request for custody of Colby. In her reasons for judgment, the trial judge stated that Robert failed to meet his burden of proving that a modification of custody was justified. The trial judge reasoned:
This Court is forced to conclude that Robbie will not accept the conditions that would allow him to share the custody of his child. His extreme substance abuse in the past is the very reason his child was removed and, even now, he still becomes involved in alcohol related events.
We agree with the trial judge. The trial judge heard the evidence in this case, including Robert's testimony concerning his alleged rehabilitation. The trial judge's finding that Robert failed to satisfy his burden of proof is reasonably supported by the record and reflects a reasonable evaluation of Robert's credibility. However, we note that after the trial judge employed the proper analysis and concluded that Robert had not met his burden of proof, the trial judge further stated that Robert failed to satisfy the test set forth in Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986). The trial judge's consideration of Bergeron was improper as the Bergeron rule applies in cases where there has been a considered decree of permanent custody. Id. at 1196. In this case, Colby was adjudicated a child in need of care and placed in the temporary custody of the State. Nevertheless, we find that the trial judge's consideration of Bergeron does not constitute reversible error because it did not taint the factfinding process or the trial judge's legal analysis. The trial judge did apply the proper analysis in finding that Robert had not satisfied his burden of proving that a modification of custody was justified.
We reject Robert's contention that pursuant to La.Civ.Code art. 133, the State and the Knapps had the burden of proving that placing Colby with Robert would result in substantial harm. La.Civ.Code art. 133 is inapplicable to this case. Article 701 of the Children's Code specifically provides that "the provisions of this Chapter shall govern... until such time as the child achieves a permanent placement." (emphasis added). See also State in the Interest of Sylvester, 525 So.2d 604 (La.App. 3 Cir.1988) (distinguishing between the custody articles in the Code of Juvenile Procedure and the custody articles in the Civil Code).
In finding that Colby should remain in the care of the Knapps, the trial judge reasoned:
[T]his Court finds the Knapps' care of Colby commendable. Their desire to take care of Colby was evident at the earliest stages of proceedings, and they have done nothing more than provide Colby with the loving and caring environment that he should have had from the start. The Knapps have devoted much time and attention to his well-being, and through evidence received by this Court the child has apparently done very well in their care.
We conclude that the trial judge's finding that Colby remain in the care of the Knapps *130 is reasonably supported by the record. However, the judgment of the trial court awards full and permanent custody of Colby to the Knapps. The record is unclear as to what authority the court relied upon to support its judgment. As discussed earlier, the State's permanent placement recommendation that the Knapps receive full custody of Colby does not conform to the definition of "permanent placement" provided in La.Ch. Code art. 603(15). In her reasons for judgment, the trial judge did not note this issue and it is unclear whether she intended to award the Knapps permanent placement of Colby. We recognize the possibility that in awarding the Knapps "full and permanent custody," the trial judge was acting pursuant to La.Ch.Code art. 702(C). Regardless, we hold that the record amply supports the finding that Colby be placed in permanent foster care with the Knapps pursuant to La.Ch. Code art. 702(C).
An appellate court has the authority to "render any judgment which is just, legal, and proper upon the record on appeal." La. Code Civ.P. art. 2164. The record reflects that the Knapps have provided a safe, attentive, and stable environment for Colby and that Colby has thrived in their care. The State recommended permanent placement of Colby with the Knapps, and the CASA volunteer observed that the Knapps "have the most stable home" and have Colby's "best interests at heart." Moreover, Tonya Knapp is Colby's maternal aunt, and the record reflects that the Knapps have established a long-term commitment to Colby. Accordingly, we amend the judgment of the trial court and place Colby in permanent foster care with the Knapps pursuant to La.Ch.Code art. 702(C).

The Reopening of Testimony
Robert alleges that the trial court erred in granting the Knapps' motion to reopen the testimony to receive evidence concerning the altercation between Robert and his wife at a casino. The Knapps argue that the trial court acted within its discretion and that the evidence was relevant to Robert's claim that he was rehabilitated.
The decision to reopen a case for the production of additional evidence "rests with the discretion of the trial judge which decision will not be disturbed on appeal unless manifestly erroneous." Tatum v. Old Republic Ins. Co., 94-157 p. 4 (La.App. 3 Cir. 10/5/94); 643 So.2d 419, 422, writ denied, 94-2722 (La.1/6/95); 648 So.2d 929. As both parties have noted, prior to the reopening of the testimony, the hearing had been a protracted matter and was heard on various dates. Reopening the testimony was justified by the circumstances because it prevented the court from holding an additional review hearing at a later date. Accordingly, we find no manifest error in the trial court's decision to reopen the testimony.

IV.

CONCLUSION
Based on the foregoing reasons, we amend the judgment of the trial court and place Colby in permanent foster care with the Knapps. In all other respects, the judgment of the trial court is affirmed. Robert Fowler is cast for all costs of this appeal.
AMENDED AND AFFIRMED AS AMENDED.