BROWN, C.J.
In this child in need of care proceeding, the mother has appealed from a juvenile court judgment that (1) denied the mother's motion to modify a previously entered disposition and a permanency hearing judgment, both of which placed her child in the legal custody of the child's adult brother; and (2) granted the child's motion for guardianship. For the reasons set forth below, we affirm the judgment of the juvenile court.
*1157 FACTS AND PROCEDURAL HISTORY
K.K., who was 11 years old, was removed from her mother K.A.'s custody on August 8, 2014, based on allegations that K.K. was a child in need of care pursuant to La. Ch. C. art. 606(A) due to neglect, lack of supervision and inadequate shelter. Because of instances of domestic violence between the mother and her ex-husband, he had secured a restraining order against her. After a recent altercation, the mother was arrested and detained overnight for violation of the restraining order. Because the mother and her daughter had been kicked out of the home they had previously shared with the mother's ex-husband, the child was forced to find a place to stay with neighbors while her mother was in custody. Also included in the child in need of care allegations were concerns about the effects that the mother's neglect of her mental health issues had on the child.
The child was placed in the custody of the Louisiana Department of Children and Family Services ("DCFS"). A continued custody hearing was held on August 12, 2014. The juvenile court vacated the custody of the DCFS and granted custody of K.K. to her adult brother, Chad Cherry, a resident of Colorado, pursuant to La. Ch. C. art. 627(B).[1]
On October 24, 2014, after an evidentiary hearing, the mother stipulated that the child was a child in need of care. The juvenile court accepted the stipulation and adjudicated the child as a child in need of care under Title VI of the Louisiana Children's Code.
A disposition hearing was held on November 21, 2014. The juvenile court found that the child continued to be in need of care and entered a judgment of disposition which, inter alia , maintained custody of the child with her brother and listed reunification as the case plan goal. The court minutes also show that the judge entered an order allowing the mother to communicate with the child via text messaging and by telephoning the mother once every other week.
In a motion for modification of visitation filed by counsel for the child on March 12, 2015, it was alleged that the phone calls and texts from the mother were adversarial in nature and stressful to the child. Attached to the motion was a copy of a letter in support from the child's counselor in Colorado. After a contradictory hearing held on March 31, 2015, the visitation order was revised to allow contact between the child and the mother only if or when initiated by the child.
A permanency hearing was held on August 6, 2015. The DCFS report to the court indicated that the mother had secured housing and employment. The mother advised the court that she had begun counseling with a new therapist, Shari Moncla, and her counsel requested additional time during which her client could demonstrate compliance with her case plan. The juvenile court agreed to give the mother additional time before closing the case and declined to approve reunification as a case plan goal at that time. Thus, the "Permanency/Case Review Judgment" rendered on August 19, 2015, did not contain a ruling setting forth the court's findings regarding the permanent plan that it considered to be in the best interest of the child. The court set the matter for a case review hearing on October 29, 2015.
Evidence was adduced at the review hearing on October 29, 2015. The mother's attorney filed a motion for a continuance *1158 and an objection to the latest case plan filed by the DCFS; this plan had as its goal guardianship with the child's older brother rather than reunification with the mother. The motion for continuance was granted, and the matter was reset for a review hearing on December 11, 2015.
At the review hearing, counsel for the mother filed a motion to modify disposition pursuant to La. Ch. C. art. 714. In her motion, the mother reiterated her objection to the latest case plan proposed by DCFS, and asserted that her counselor was available to testify as to her significant progress in treatment. Attorneys for the other parties sought a continuance as they were served with the motion and supporting memorandum in court. The matter was reset, and the parties were informed that a contested hearing would be held on January 28, 2016. Prior to this hearing, counsel for the child filed a motion for guardianship.
The hearing on the parties' competing motions, both of which addressed the issue of the appropriate permanency plan for the child that had been left unresolved by the court at the August 6, 2016, hearing, took place over the course of several days, with live testimony from witnesses, before concluding on March 30, 2016. After receiving memoranda from the parties, the juvenile court rendered its judgment on October 31, 2016, denying the mother's motion to modify disposition and granting the child's motion to have her brother Chad appointed as her guardian. The judgment also relieved the DCFS from further involvement in the case. The mother filed the instant appeal.
DISCUSSION
In her first assignment of error, the mother asserts that the juvenile court erred in granting custody of the child to her half-brother Chad at the continued custody hearing held on August 12, 2014. This assignment of error is without merit. As set forth in La. Ch. C. art. 330 :
(A) An appeal may be taken from any final judgment of a court and shall be to the appropriate court of appeal.
(B) In ... child in need of care proceedings pursuant to Title VI ... an appeal may be taken only after a judgment of disposition . The appeal shall include all errors assigned concerning the adjudication and disposition. (Emphasis added).
In her second assignment of error, the mother argues that the juvenile court erred in denying her motion to modify disposition, which granted custody of the child to her half-brother, Chad. The mother urges this Court to reverse the juvenile court's judgment granting guardianship to Chad and order the immediate return of the child so mother and daughter can reconnect and rebuild their lives together.
The purpose of Title VI of the Children's Code, entitled "Child in Need of Care," is "to protect children whose physical or mental health and welfare are substantially at risk of harm by physical abuse, neglect, or exploitation and who may be further threatened by the conduct of others[.]" La. Ch. C. art. 601 ; State in Interest of A.H. , 51,053 (La. App. 2 Cir. 09/28/16), 206 So.3d 1081, writ denied , 16-2017 (La. 01/09/17), 214 So.3d 867 ; State ex rel. L.M. , 46,078 (La. App. 2 Cir. 01/26/11), 57 So.3d 518. The health, safety, and best interest of the child shall be the paramount concern in all proceedings under Title VI. Id.
The trial court may modify a judgment of disposition on its own motion or on the motion of the district attorney, the department, the child or his/her parents. La. Ch. C. art. 714. A judgment of disposition may be modified if the court finds that the conditions and circumstances justify *1159 the modification. La. Ch. C. art 716. The burden of proving justification for modification of a custody disposition of a child earlier found in need of care is on the party who seeks to modify the disposition of custody. State in the Interest of Tooraen , 397 So.2d 69 (La. App. 2 Cir. 1981) ; Fowler v. Fowler , 98-953 (La. App. 3 Cir. 12/09/98), 722 So.2d 125 ; State in the Interest of S.G. , 95-2063 (La. App. 1 Cir. 03/25/96), 676 So.2d 109.
Louisiana Children's Code article 702 provides in part:
C. The court shall determine the permanent plan for the child that is most appropriate and in the best interest of the child in accordance with the following priorities of placement:
(1) Return the child to the legal custody of the parents within a specified time period consistent with the child's age and need for a safe and permanent home. In order for reunification to remain as the permanent plan for the child, the parents must be complying with the case plan and making significant measurable progress toward achieving its goals and correcting the conditions requiring the child to be in care.
(2) Adoption.
(3) Placement with a legal guardian.(4) Placement in the legal custody of a relative who is willing and able to offer a safe, wholesome, and stable home for the child.
(5) Placement in the least restrictive, most family-like alternative permanent living arrangement. The department shall document in the child's case plan and its report to the court the compelling reason for recommending this plan over the preceding higher priority alternatives.
D. The trial court shall consider a child's need for continuing contact with any relative by blood, adoption or affinity with whom the child has an established and significant relationship as one of several factors in determining the permanent plan that is most appropriate and in the best interest of the child.
E. The trial court shall determine whether the department has made reasonable efforts to reunify the parent and child or to finalize the child's placement in an alternative safe and permanent home while considering that the child's health and safety will be the paramount concern in the court's determination of the permanent plan.
Permanent placement is defined in the Children's Code as: (1) return of the legal custody of the child to his or her parent(s); (2) placement of the child with adoptive parents pursuant to a final decree of adoption; or (3) placement of the child with a legal guardian . La. Ch. C. art. 603(22). (Emphasis added).
A juvenile court's determination that a parent has not made significant measurable progress toward achieving the goals of his/her case plan, as required by La. Ch. C. art. 702(C)(1), has been held sufficient to support the permanent placement of a child outside the parental home. See State in the Interest of T.B., 16-215 (La. App. 5 Cir. 09/22/16), 202 So.3d 555 ; State ex rel. E.F., Jr. , 10-1185 (La. App. 1 Cir. 10/29/10), 49 So.3d 575.
After a child has been adjudicated to be in need of care, a motion for guardianship may be filed by the department, parent, counsel for the child or person named as a successor guardian, or the department may submit a case plan along with the case review report to the court and all counsel of record recommending guardianship. La. Ch. C. art. 720(A). The purpose of guardianship is to provide a permanent placement for children when neither reunification with a parent nor adoption has been found to be in their best interest; to *1160 encourage stability and permanence in the lives of children who have been adjudicated to be in need of care and have been removed from the custody of their parent; and to increase the opportunities for the prompt permanent placement of children, especially with relatives, without ongoing supervision by the department. La. Ch. C. art. 718.
An appellate court's review of a juvenile court's permanent placement determination is governed by the manifest error standard. State in Interest of N.C. , 50,446 (La. App. 2 Cir. 11/18/15), 184 So.3d 760 ; State in Interest of C.S. , 49,955 (La. App. 2 Cir. 03/18/15), 163 So.3d 193 ; State ex rel. C.M. v. Willis , 41,908 (La. App. 2 Cir. 12/27/06), 946 So.2d 316, writ denied , 07-0190 (La. 02/16/07), 949 So.2d 413 ; State in Interest of T.B., supra .
As set forth above, La. Ch. C. art. 702(C) orders that the trial court determine the permanent placement that is most appropriate and in the best interest of the child. In order for reunification to remain as the permanent plan for the child, the parent(s) must be complying with the case plan and making significant measurable progress toward achieving its goals and correcting the conditions requiring the child to be in care. La. Ch. C. art. 702(C)(1). To find that a parent has made significant and measurable progress on a case plan, the record must show a reasonable expectation of reformation by the parent. State ex rel. P.A.P. , 44,221 (La. App. 2 Cir. 02/04/09), 4 So.3d 182. Reformation requires more than mere cooperation with the department. The parent must have altered or modified in a significant way the behavior that was the basis of the child's removal. State in Interest of S.M. , 98-0922 (La. 10/20/98), 719 So.2d 445 ; State ex rel. J.B. v. J.B., Jr. , 35,846 (La. App. 2 Cir. 02/27/02), 811 So.2d 179.
In its judgment of guardianship rendered on October 31, 2016, the juvenile court held, inter alia :
THIS MATTER having come for hearing on the Motion by [K.A.], mother of the above referenced child, [K.K.], to Modify the Disposition rendered by this Court on November 21, 2014, and the Permanency Hearing Judgment rendered August 6, 2015, both placing the child in the legal custody of Chad Cherry, adult brother of the child; the Court also hearing the child's competing Motion to Modify seeking a Guardianship with Chad Cherry;
The Court having heard testimony and received other evidence on both Motions on various dates between January 28, 2016, and March 30, 2016; the parties having submitted briefs after the preparation of a transcript of the proceedings;
The Court finding that [K.A.] has not met her burden to show that the previously ordered successful relative placement of the child is now contrary to the child's best interest; the Court further finding that removal of the child from the stable, loving, and wholesome environment of her adult brother and his wife would be contrary to her best interest; the Court further finding that the grounds for guardianship under Children's Code Article 722 have been proven by clear and convincing evidence and that guardianship with Chad Cherry is in the child's best interest, with a plan of continued contact with and support from the mother as the twelve year old child matures;
IT IS ORDERED, ADJUDGED AND DECREED that the Motion to Modify the Judgment of Disposition filed by [K.A.] is hereby dismissed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion for Guardianship with Chad *1161 Cherry filed by counsel for the minor child, [K.K.], is hereby granted and remains in effect until the child's 18th birthday unless modified by this Court, which retains exclusive jurisdiction over the custody and placement of [K.K.]. The Department of Children and Family Services supervision is hereby vacated.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, in order to reestablish and promote healthy communication between the mother and child, that [K.A.] may send written communication by mail to the minor child at reasonable frequency addressed to Chad Cherry, who as Guardian, shall review the communication and exercise his reasonable judgment as to whether to pass said communication on to [K.K.]. ... The guardian shall not interfere with any communication initiated by [K.K.] with her mother and shall facilitate same by letter, telephone or computer. [K.A.] may request telephone and/or computer contact and visitation with [K.K.] as their relationship matures, through the Court's social worker or by motion through counsel.
The judge issued written reasons for judgment in which he further explained his findings. Specifically, the court wrote:
The Court has made findings that the mother, did not carry her burden of proof to modify the disposition placing the child in the legal custody of the child's adult brother and his wife in Colorado. The Court found that this custodial placement has been extremely beneficial for the child, stabilizing her life and providing much needed structure in which the child is thriving.
The Court also found that, while the mother has sustained employment and a stable place to live, she has consistently refused to acknowledge her past behavioral instability, her continued exposure of the child to her own domestic violence with her latest partner, and ignores her serious need for intensive mental health treatment. Allegations of physical abuse against the child committed by the mother surfaced after the initial removal, allegations which the mother reluctantly admitted but failed to obtain counseling to resolve.
While the mother argued that the Court should not have placed the child out of state with the adult brother, the Court was required by Children's Code Article 627(B) to place the child with a relative who could provide a good home for the child as an alternative to being with strangers in foster care. The Court made this determination at the Continued Custody Hearing, at the Disposition, and at the Permanency Hearing. The mother did not appeal these Judgments and stipulated in court and in argument to the appropriateness of the removal of the child from the mother.
....
[T]he Court, looking forward at Disposition, could not conclude that the mother would be unable to rehabilitate herself regarding her mental health treatment and family issues. Accordingly, while not required by law, the Court exercised its discretion to allow the mother this opportunity and attempted to afford her a reasonable opportunity by ordering the Department of Children and Family Services to assist with a case plan of services and supervision and reporting to the Court. The Court ultimately found, however that the mother did not cooperate with the mental health treatment deemed necessary. ... She also did not deal with the physical abuse issues, and did not act reasonably in exercising the Court authorized contact with her child. Rather, she regressed to blaming [K.K.'s] adult brother and sister, whose only fault was to come to the rescue of their 11-year-old baby sister.
*1162 Accordingly, it was contrary to the best interest of the child to return the child to her mother.
The child's interest in the stability and structure offered by her adult brother is clearly paramount to the desire of the mother to disrupt this placement without having worked to alleviate her mental health needs and her physical abuse issues. While the Court remains hopeful that as the child matures, she will be better able to cope with her mother and develop a healthy relationship, considering the mother's lack of cooperation and the dysfunctional relationship with her adult children, the Court is no longer optimistic this will occur. Nevertheless, the Court's Judgment sets up parameters within which this can occur with the child's emotional safety being protected by her brother as guardian and the Court's Social Worker to assure fairness to the mother.
After a thorough review of the record and due consideration of the arguments of the parties on appeal, this Court does not find that the juvenile court was manifestly erroneous in denying the mother's motion to modify disposition and in concluding that guardianship was the permanent plan that is the most appropriate and is in the child's best interest.
CONCLUSION
For the reasons set forth above, we affirm the judgment of the juvenile court awarding guardianship of the child, K.K., to Chad Cherry.
AFFIRMED.

La. Ch. C. art. 627(B) provides in part that if a child is not returned to the parents, the court shall place the child in the custody of a suitable relative unless the court has made a specific finding that such placement is not in the best interest of the child.